**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
*Barry D. Leiwant*
Attorney-in-Charge

May 16, 2023

**BY ECF**
Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
   for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Centre Street
New York, New York 10007

**Re:  *United States v. Avenatti*, Nos. 21–1778(L), 22–351(CON)**
       **Oral Argument Held January 19, 2023**

Dear Ms. Wolfe:

Pursuant to Fed. R. App. P. 28(j), I write to call this Court's attention to *United States v. Percoco*, No. 21–1158, and *United States v. Ciminelli*, No. 21–1170 (both U.S. May 11, 2023). *Percoco* and *Ciminelli* support Michael Avenatti's argument that his honest-services fraud conviction violates the Fifth Amendment's prohibition on vague criminal laws (OB.46), and improperly stretches federal criminal jurisdiction to the state civil domain of regulating the practice of law (*e.g.*, OB.3; Reply Br. 1).

*Percoco* overruled this Court's precedents holding that a private

1

person could be convicted of public-sector honest-services fraud if he had a "special relationship" with the government and "dominated and controlled" government business. Slip op. 9–10. *Percoco* emphasized the constitutional need "to avoid giving [18 U.S.C.] § 1346 an indeterminate breadth," reaffirming that § 1346 cannot reach what was alleged here—"'undisclosed self-dealing by ... a private employee—*i.e.*, the taking of official action by the employee that furthers his own undisclosed financial interests while purporting to act in the interests of those to whom he owes a fiduciary duty.'" Slip op. 7 (quoting *Skilling v. United States*, 561 U.S. 358, 409–10 (2010)). Concurring, Justices Gorsuch and Thomas suggested that § 1346 is void for vagueness altogether.[1]

*Ciminelli* overruled this Court's precedents holding that "property," for purposes of the federal fraud statutes, includes the "right to control" property. Slip op. 1–2. That theory "vastly expands federal jurisdiction without statutory authorization." Slip op. 8. It "makes a federal crime of an almost limitless variety of deceptive actions traditionally left to state contract and tort law"—or attorney disciplinary proceedings—"in flat contradiction of our caution that ... courts should 'not read the mail [and wire] fraud statute[s] to place under federal superintendence a vast array of conduct traditionally pursued by the States.'" *Id.* (quoting *Cleveland v. United States*, 531 U.S. 12, 27 (2000)). *Ciminelli* rejected a theory of liability that, like the one pursued here, "criminalizes traditionally civil matters and federalizes traditionally state matters." *Id.*

Sincerely,

/s/ Daniel Habib
Assistant Federal Defender

---

[1] Avenatti is prepared to submit supplemental briefing on the vagueness issue in light of *Percoco*.

2

Tel. (646) 484–1724

CC: Government Counsel (by ECF)